# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew B. Bloomer, P.C.
To Call Writer Directly:
(312) 862-2482
andrew.bloomer@kirkland.com

300 North LaSalle
Chicago, Illinois  60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 29, 2014

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

>  Re:   *In re: General Motors LLC Ignition Switch Litigation,*
>         14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

Pursuant to this Court's Order No. 8 § IV.B, counsel for General Motors LLC ("New GM") and Lead Counsel – having met and conferred on multiple occasions with each other as well as with counsel for Delphi Automotive Systems, LLC ("Delphi"), Delphi Automotive PLC, Don McCue Chevrolet, Inc., Continental Automotive Systems, Inc., and AutoFair Chevrolet, LLC – submit this joint letter setting forth the parties' tentative agenda for the September 4, 2014 Status Conference and the parties' proposals on the issues described in Order No. 8 § IV.B.

> **1.   Initial Discovery Plan to Produce The Relevant, Non-Privileged Documents Previously Produced to Congress and NHTSA.**

New GM has agreed to produce copies of the relevant, non-privileged documents it produced to: (i) Congress in response to pre-August 22, 2014 requests for documents related to NHTSA Recall No. 14V-047; and (ii) NHTSA in response to pre-August 22, 2014 requests for the documents requested by NHTSA in the March 4, 2014 and April 4, 2014 Special Orders. These productions, which total approximately 1.6 million pages of information and 1.35 million pages of information, respectively, in addition to several hard drives containing over 300,000 files, will begin on a rolling basis after the entry of the agreed-upon proposed: (i) Order Protecting Confidentiality and Privilege (*see* agenda item 2 below); and (ii) Order Regarding Production of Documents and Electronic Data (*see* agenda item 8 below).  As part of these productions, New GM will produce its substantive responses to the above-referenced Congressional requests and NHTSA Special Orders but will not produce non-substantive or other correspondence with Congress and NHTSA in the ordinary course.  Delphi also has agreed to produce the documents it produced to Congress and NHTSA subject to the same conditions as New GM.  The other Defendants have not produced documents to either Congress or NHTSA. Both New GM and Delphi have agreed to use their best efforts to substantially complete the

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 29, 2014
Page 2

production of the above-described documents, with MDL Bates stamps, by October 2, 2014. Finally, New GM will provide Plaintiffs with a copy of the privilege logs submitted to NHTSA in response to the above-referenced NHTSA Special Orders.

**2.     Entry of an Appropriate Protective Order and 502(d) Order.**

The parties continue to meet and confer regarding a proposed Order Protecting Confidentiality and Privilege and are endeavoring to finalize and submit to the Court an agreed-upon proposed order prior to the September 4, 2014 Status Conference in accordance with the Court's instructions in Order No. 8 § VII.

**3.     Creation of a Single Document Depository for this MDL and Related Cases.**

The parties have agreed to use ShareVault as the single electronic document depository for both this MDL and all related state and federal court actions (the "MDL 2543 Document Depository"). Parties producing documents in MDL 2543 will post such productions to the MDL 2543 Document Depository so that parties to this litigation and related state and federal cases may access and download these documents in accordance with the terms of Order Protecting Confidentiality and Privilege. The parties continue to meet and confer regarding sharing the costs associated with the MDL 2543 Document Depository.

**4.     Document Discovery Beyond The Initial Disclosures in Item 1 Above.**

Lead Counsel's position is that document discovery should proceed now for (i) all personal injury and wrongful death MDL cases involving post-Sale accidents, and (ii) all economic loss MDL cases involving post-sale New GM vehicles. New GM has expressed its willingness to produce, on a reasonable schedule, non-privileged, post-Sale Vehicle Inquiry System documents (related to the seller of the new vehicle and any vehicle warranty and recall history) and any available Sensing Diagnostic Module ("SDM") downloads and crash reports currently in New GM's possession, custody, and control for all personal injury and wrongful death MDL cases involving post-Sale accidents, and for which Plaintiffs have provided New GM a valid Vehicle Identification Number. Defendants do not believe that additional document discovery should proceed until after the Bankruptcy Court rules on New GM's pending motions to enforce and the parties and Court know the scope and nature of the claims at issue, as framed by (i) the Consolidated Complaint scheduled to be filed in mid-October, 2014 (and any accompanying motion practice), and (ii) Judge Gerber's rulings on the motions to enforce pending before him. Moreover, the request for all post-Sale economic loss documents essentially opens up discovery on all issues, with few, if any, limitations.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 29, 2014
Page 3

Lead Counsel also have concerns about whether, while consumers await parts, there continues to be reports of safety issues. Lead counsel assert that discovery is needed now on (1) reports to dealers and New GM of safety issues involving any cars awaiting repair parts; (2) the timing of when repairs will be completed; (3) the availability of loaner cars; and (4) documents relating to the sufficiency of repairs for all recalls involving the ignition switch in any pre-Sale or post-Sale vehicle. New GM believes that NHTSA is statutorily-mandated with the role of approving and overseeing motor vehicle recalls and has primary and exclusive jurisdiction in this area. Accordingly, New GM believes that discovery on these issues is inappropriate as part of this proceeding, and certainly not before a Consolidated Complaint has been filed and Judge Gerber rules.

Lead Counsel want to brief these issues now. If the Court decides that it would like to reach resolution of this issue at the current time, as compared to waiting until the Consolidated Complaint is filed and/or Judge Gerber has ruled, as New GM believes is appropriate, then the parties agree that a briefing schedule should be set to resolve this issue, with Lead Counsel to file an opening brief and Defendants to file a response brief by dates set by the Court.

### 5. Third-Party Document Discovery and Preservation.

Lead Counsel's position is that document discovery should proceed now on (i) third-party rental car companies and (ii) New GM dealers. Defendants' position is that third-party document discovery should be limited at present to preservation efforts because (a) Judge Gerber's rulings likely will determine the scope of permissible claims, and (b) any discovery prior to the filing of a Consolidated Complaint and accompanying motion practice is premature. If the Court decides that it would like to reach resolution of this issue at the current time, as compared to waiting until the Consolidated Complaint is filed and/or Judge Gerber has ruled, then the parties believe it would be appropriate for the Court to set a briefing schedule to resolve this issue, with Lead Counsel to file an opening brief and the Defendants to file a response brief by dates to be set by the Court.

### 6. Documents Relating to the Valukas Report.

New GM has agreed to produce a log of any privileged documents cited in the May 29, 2014 report by Anton R. Valukas (the "Valukas Report") by October 2, 2014. New GM has also agreed to produce any non-privileged documents cited in the Valukas Report to the extent any such documents are in New GM's possession, custody, and control, have not been produced to Congress or NHTSA, and are not otherwise publicly available. Lead Counsel's position is that New GM should produce any collection of documents selected by Anton R. Valukas in preparing the Valukas Report that were not cited in the Valukas Report. New GM's position is that any such "selected" document collection, to the extent such a collection exists, reflects Mr. Valukas'

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 29, 2014
Page 4


attorney work product and thus is protected from production, is outside the possession, custody and control of New GM, that this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and that, in any event, resolution of this issue is premature at the current time because (a) Judge Gerber's rulings likely will determine the scope of permissible claims, and (b) any discovery prior to the filing of a Consolidated Complaint and accompanying motion practice is neither efficient nor necessary to advance the resolution of this litigation. Lead Counsel agree to defer disputes on the Valukas Report to later and may seek foundational depositions prior to briefing.

### 7. Documents Provided by New GM to Government Agencies Other than NHTSA.

Lead Counsel's position is that New GM should provide a log of categories of documents that New GM has produced to the U.S. Department of Justice and any investigative government agency other than NHTSA. New GM believes that to the extent any such documents have any relevance to these proceedings and are not covered by the documents described in item 1 above, Lead Counsel should formulate document requests identifying the specific information sought (*after* the filing of the Consolidated Complaint, any accompanying motion practice, and after Judge Gerber has ruled on the pending motions to enforce). Lead Counsel agrees to defer this issue until after the filing of the Consolidated Complaint.

### 8. Entry of an Electronically Stored Information (ESI) Order.

The parties continue to meet and confer regarding a proposed Order Regarding Production of Documents and Electronic Data and are endeavoring to finalize and submit to the Court an agreed-upon proposed order prior to the September 4, 2014 Status Conference in accordance with the Court's instructions in Order No. 8 § VII.

### 9. Additional Preservation Protocols.

The parties have made substantial progress in meet and confers regarding additional preservation protocols, and plan to submit to the Court an agreed-upon proposed Preservation Order No. 2, which covers preservation of four additional high-volume recalls, in accordance with the Court's instructions in Order No. 8 § VII. The parties continue to discuss additional preservation issues, including Plaintiffs' concerns about preservation of relevant documents in the possession of third-party GM dealers.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 29, 2014
Page 5

### 10. Protocol for Inspection of Plaintiffs' Vehicles.

Lead Counsel has proposed a protocol for inspection of plaintiffs' vehicles at issue in this litigation. The parties continue to meet and confer on the form, substance, and scope of such a protocol. The parties expect to either submit to the Court an agreed-upon proposed order memorializing the protocol or to raise any disagreement regarding the inspection protocol before the October 2, 2014 Status Conference.

### 11. Coordination With Other Actions.

Pursuant to the Court's instructions in Order No. 8 § V, the parties have met and conferred regarding coordination between this MDL proceeding and related actions. The parties agree that a proposed Order Regarding Coordination Between the MDL and Related Cases is necessary and proper in these proceedings, but have not reached agreement on all of the terms of such an order. The parties respective positions, and proposed forms of Order No. 13, are set forth in their joint letter of today's date filed in accordance with Order No. 8 § V.

### 12. Co-Leads' Submission of Proposed Order Specifying Leadership Counsel Roles and Detailed Staffing, Fees, and Expense Guidelines.

Plaintiffs' Co-Lead Counsel plan to submit in advance of the September 4, 2014 Status Conference a Proposed Order with the additional details requested in Order No. 8 § I.B.

### 13. Unauthorized *Sesay* Amended Class Action Complaint.

After the Court appointed Lead Counsel and directed that Lead Counsel file a Consolidated Complaint and set a procedure for doing so, a First Amended Complaint was filed in *Sesay* on August 28, 2014. (*See* ECF No. 264.) The parties request that the First Amended Complaint be stricken as it violates this Court's Order No. 8.

Respectfully submitted,

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 29, 2014
Page 6

cc:    Steve W. Berman
       Elizabeth Joan Cabraser
       Robert C. Hilliard
       Mark E. Howard (counsel for AutoFair Chevrolet, LLC)
       Michele R. Sowers (counsel for Continental Automotive Systems, Inc.)
       Eugene A. Schoon (counsel for Delphi Automotive PLC and Delphi Automotive Systems, LLC)
       James R. Figliulo (counsel for Don McCue Chevrolet, Inc.)