USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/06/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 34

JESSE M. FURMAN, United States District Judge:

**[Regarding the Bellwether Plan's Type of Alleged Defects and Categorization of Claims]**

  Order No. 25 (14-MD-2543, Docket No. 422) sets out the Court's bellwether trial plan for cases in MDL 2543 involving personal injury and wrongful death claims based on alleged defects in vehicles manufactured by New GM or General Motors Corporation ("Old GM"). (*Id.* ¶ 5.) The Court's bellwether trial plan recognizes that "[f]or this bellwether trial plan to succeed, the cases selected as trial candidates must constitute a representative sampling of cases in this proceeding." (*Id.* at ¶ 34). To that end, Order No. 25 Paragraph 30 directed the parties to meet and confer "[i]mmediately after the electronic and searchable fact sheet database is made available to counsel for the MDL Defendants… regarding (a) the type of alleged defects that should be encompassed within the scope of the bellwether trial plan and (b) the categorization of claims in the plan." The parties were not in full agreement on these issues, and submitted differing proposals. (*See* 14-MD-2543, Docket Nos. 566 and 567.)

  Based on the Court's review of the parties' submissions, the Court adopts Plaintiffs' proposed order, substantially for the reasons set forth in their letter brief. (14-MD-2543 Docket No. 566). Specifically, mindful of the fact that any set of categories will be somewhat underinclusive with respect to the universe of cases in MDL 2543, the Court agrees with Plaintiffs

that the Initial Discovery Pool — and therefore the initial bellwether trials — should be limited to "core" claims and types of vehicles for which there will be sufficient discovery pursuant to the schedule set by the Court.

Accordingly, it is hereby ORDERED that ignition-switch related claims involving accidents occurring on or after July 11, 2009 in the following vehicles will be within the scope of the bellwether trial plan memorialized by Order No. 25:

1. Chevrolet Cobalt (MY 2005-2007);
2. Pontiac G5 (MY 2007);
3. Saturn Ion (MY 2003-2007);
4. Pontiac Solstice (MY 2006-2007);
5. Chevrolet HHR (MY 2006-2007); and
6. Saturn Sky (MY 2007).

It is further ORDERED that the pool of eligible cases will consist of claims from the following categories:

1. **Category 1**: Wrongful death claims involving Production Part Vehicles with airbag non-deployment.

2. **Category 2**: Severe personal injury claims involving Production Part Vehicles with airbag non-deployment;

3. **Category 3**: Mild to moderate personal injury claims involving Production Part Vehicles with airbag non-deployment.

Finally, it is further ORDERED that the parties shall meet and confer regarding the classification system for distinguishing between "severe" and "mild to moderate" personal injury claims, and to submit a joint proposed order no later than **February 13, 2015**.  Additionally, the parties are directed to meet and confer as to whether (and, if so, when) the bellwether trial plan

should be expanded to encompass other vehicle models and claims represented in the MDL, and to raise the issue with the Court via a pre-conference proposed agenda at the appropriate time.

    SO ORDERED.

Dated: February 6, 2015
       New York, New York

                                         JESSE M. FURMAN
                                         United States District Judge