```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/27/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*
------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 56

JESSE M. FURMAN, United States District Judge:

**[Regarding New GM's April 29, 2015 Motion To Dismiss with Prejudice]**

On March 24, 2015, the Court granted New GM's motion to dismiss, without prejudice, the claims of several Plaintiffs who had failed to submit a plaintiff fact sheet ("PFS") or related documentation as required by Order No. 25, noting that "if Plaintiffs do, in fact, submit all required documentation within the next thirty days, Order No. 25 provides an avenue for relief from dismissal: They can move to vacate the dismissal without prejudice pursuant to Paragraph 25 of the Order." (Order No. 41 (14-MD-2543 Docket No. 698), at 2; *see* Order No. 25 (14-MD-2543 Docket No. 422) ¶ 25 ("If the Court dismisses a Complaint without prejudice under the previous paragraph, the Order will be converted to a Dismissal With Prejudice upon the MDL Defendants' motion — to be filed no earlier than thirty (30) days after the Court's entry of the Order of Dismissal without Prejudice — unless a Plaintiff submits a completed Short-Form PFS or moves to vacate the dismissal without prejudice within that same time period.")).

On April 22, 2015, Lead Counsel filed such a motion to vacate with respect to several of the plaintiffs whose claims were dismissed pursuant to Order No. 41, indicating that those plaintiffs (listed on Exhibit A to Lead Counsel's memorandum) certified that they had submitted substantially complete PFSs as required by Order No. 25. (14-MD-2543 Docket No. 861). Lead Counsel noted that other Plaintiffs — many (but not all) of whom were listed on Exhibit B to the

1

memorandum — "had not yet submitted a substantially complete" PFS despite counsel's "diligent efforts" to contact those Plaintiffs. (*Id.* at 2). The Court granted Lead Counsel's motion to vacate dismissal of the claims of Plaintiffs who had certified their compliance with Order No. 25. (Order No. 53 (14-MD-2543 Docket No. 935)).

On April 29, 2015, pursuant to Paragraph 25 of Order No. 25, New GM filed a motion to dismiss, *with* prejudice, the claims of those Plaintiffs listed on Exhibit B of Lead Counsel's aforementioned memorandum, along with the claims of other Plaintiffs whose claims were dismissed pursuant to Order No. 41. (14-MD-2543 Docket No. 898). (A list of those Plaintiffs is attached to this Order as **Exhibit 1**). In the same order granting Lead Counsel's motion to vacate dismissal of some Plaintiffs' claims, the Court also granted all Plaintiffs named in New GM's motion to dismiss with prejudice until May 19, 2015, to file any opposition to New GM's motion, and warned that "[f]ailure to submit any opposition to New GM's motion may result in dismissal with prejudice of that Plaintiff's claims without further notice." (Order No. 53 (14-MD-2543 Docket No. 935) at 2-3). To date, the Court has not received any filings in opposition.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see also, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that

failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Having considered the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for the individual Plaintiffs' continued failure to submit PFSs as required by Order No. 25.  Plaintiffs have been on continual notice of the consequences of failing to submit substantially complete PFSs, and have been repeatedly reminded over the past several months — through Order No. 25 itself; New GM's entry of a Notice of Overdue Discovery (14-MD-2543 Docket No. 559); New GM's Motion to Dismiss Without Prejudice (14-MD-2543 Docket Nos. 625, 672); and New GM's current motion and the Court's Order in response — that their claims might be dismissed with prejudice if they failed to meet their (rather minimal) PFS obligations.  What is more, timely submission of PFSs is essential to the orderly and expeditious management of this MDL, and crucial in ensuring that New GM has adequate notice of the claims against it.  Accordingly, the claims of Plaintiffs named in Exhibit 1 are hereby DISMISSED with prejudice.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing," and concluding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints" (internal quotation marks omitted)).

The Clerk of Court is directed to terminate Plaintiffs named on Exhibit 1 and to terminate 14-MD-2543 Docket No. 898.  Additionally, since the claims of Steven Jones will be terminated pursuant to this Order, and he is the only Plaintiff in 14-CV-5350 (Ishmail Sesay, Plaintiff in 14-CV-6018, appears to be listed on the docket in error), the Clerk of Court is directed to close that case.

SO ORDERED.

Dated: May 27, 2015
New York, New York

JESSE M. FURMAN
United States District Judge

# EXHIBIT 1

**Exhibit 1: Plaintiffs With Discovery Outstanding Per MDL Order No. 25.**

| Case | Plaintiff |
|---|---|
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Antillon, Charday |
| Edwards, et al. v. General Motors LLC<br>1:14-cv-06924 | Banks, Isadore |
| Hayes, et al. v General Motors LLC<br>1:14-cv-10023 | Barnes, Willie, Individually and Representative of the Estate of Frances Barnes |
| Fleck, et al. v. General Motors LLC<br>1:14-cv-08176 | Blevins, Jason |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Bridges, Takeyia |
| Fleck, et al. v. General Motors LLC<br>1:14-cv-08176 | Carpenter, Taylor |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Casciotti, Nicholas |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Cummings, Janeille |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Davis, Rodger |
| Edwards, et al. v. General Motors LLC<br>1:14-cv-06924 | Enzor, Marc |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Faggins, Olyvia |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Gbadegesin, Oyedokun |
| Edwards, et al. v. General Motors LLC<br>1:14-cv-06924 | Herren, Gena Individually and Representative of the Estate of Morgan D'Nan Foster |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Jamison, Stephanie |
| Jones v. General Motors LLC<br>1:14-cv-5350 | Jones, Steven |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Laplaze, Leydanette |
| McCormick, et al. v. General Motors LLC<br>1:14-cv-8892 | Lewis, Sherron |
| Edwards, et al. v. General Motors LLC<br>1:14-cv-06924 | Lichtenwalner, Pamela |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Lilly, Tarsha |

Case 1:14-md-02543-JMF Document 892 Filed 05/27/15 Page 6 of 7

.

**Exhibit 1: Plaintiffs With Discovery Outstanding Per MDL Order No. 25.**

| Case | Plaintiff |
|---|---|
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Lunn, Jennifer |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Menhorn, Jasmin |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Moreno, Jeffrey |
| McCormick, et al. v. General Motors LLC<br>1:14-cv-8892 | Odom, Carl |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Olivarez, Edward |
| Hayes, et al. v General Motors LLC<br>1:14-cv-10023 | Payton, Perry |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Roland, Abria |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Roland, Abria Individually and<br>Next Friend of Cameron Roland-Green |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Simms, Wylanda Individually and<br>Next Friend of Stacey Simms, Jr. |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Sutton, Marcus |
| Fleck, et al. v. General Motors LLC<br>1:14-cv-08176 | Thompson, Willie S. |
| Abney, et al. v. General Motors LLC<br>1:14-cv-05810 | Tribou, Samantha |
| Hayes, et al. v General Motors LLC<br>1:14-cv-10023 | White, Casey |
| Fleck, et al. v. General Motors LLC<br>1:14-cv-08176 | Williams, Katie |
| Edwards, et al. v. General Motors LLC<br>1:14-cv-06924 | Williams, Terrell |

.