Case 1:14-mc-02543-JMF   Document 171   Filed 11/23/15   Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Fleck, et al. v. General Motors LLC, 14-cv-8176*
------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

The first bellwether trial in this multidistrict litigation ("MDL"), brought by Plaintiff Robert S. Scheuer and familiarity with which is presumed, is scheduled to begin on January 11, 2016.  (*See* Docket No. 1694).  Currently pending are almost twenty motions *in limine* filed by both parties.  The Court here addresses three: Plaintiff's Motions *In Limine* No. 1 and No. 2 — which seek to preclude evidence regarding collateral source benefits and evidence regarding Plaintiff's prior injuries and family medical history, respectively — and New GM's Motion *In Limine* No. 3 — which seeks to preclude evidence concerning amounts billed, but not actually paid, for Plaintiff's medical expenses.  For the reasons explained below, Plaintiff's Motion No. 1 is GRANTED with respect to evidence of damages, but DENIED to the extent that New GM may later move to introduce evidence of collateral benefits for impeachment or rebuttal; and Plaintiff's Motion No. 2 is GRANTED as unopposed with respect to family medical history, but DENIED with respect to evidence of prior injuries offered on issues of lost earning capacity, loss of enjoyment, or causation for any alleged shoulder injury.  New GM's Motion No. 3 is unopposed and therefore GRANTED.

**DISCUSSION**

District courts have discretion to determine evidentiary issues presented in motions *in limine* in advance of trial. *See, e.g.*, *United States v. Dupree*, 706 F.3d 131, 135 (2d Cir. 2013); *Henry v. Wyeth Pharm.*, 616 F.3d 134, 149 (2d Cir. 2010). Under Rule 402 of the Federal Rules of Evidence, "relevant" evidence is admissible unless prohibited by rule, statute, or constitutional provision. *See* Fed. R. Evid. 402. Pursuant to Rule 401, evidence is relevant if it "has any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Finally, to the extent relevant here, Rule 403 prevents the admission of otherwise relevant evidence whose "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A district court's balancing under Rule 403 will not be overturned unless "there is a clear showing of abuse of discretion or that the decision was arbitrary or irrational." *United States v. Bermudez*, 529 F.3d 158, 161-62 (2d Cir. 2008) (internal quotation marks omitted).

**A. Plaintiff's Motion *In Limine* No. 1**

As noted, Plaintiff's Motion *In Limine* No. 1 seeks to exclude evidence or argument regarding any collateral source benefits or payments received by Plaintiff Robert S. Scheuer, whether or not they were related to the crash that is the subject of the instant trial. (*See* Pl.'s Mem. Law Supp. Mot. *In Limine* No. 1 (Docket No. 1526) ("Pl.'s First Mem.") 1). New GM agrees that Oklahoma law governs whether collateral source benefits are admissible and that, under that law, evidence of collateral source payments cannot be introduced to diminish the amount of any damages award. (*See* New GM's Combined Resp. Pl.'s Mot. *In Limine* No. 1 (Docket No. 1574) ("New GM's First Opp'n") 2-3; Pl.'s First Mem. 1, 3). New GM argues,

however, that evidence of collateral payments may be admissible for other purposes — specifically, for impeachment or rebuttal.  (*See* New GM's First Opp'n 5-6).[1]  The Court agrees.

Contrary to Plaintiff's contention, *Hodge v. Stan Koch & Sons Trucking, Inc.*, No. 13-CV-071 (KEW), 2015 WL 540815 (E.D. Okla. Feb. 9, 2015), provides support for New GM's position because it clearly contemplates that collateral source evidence could be admissible under Oklahoma law for a purpose such as impeachment or rebuttal.  *See id.* at *1; *see also Estrada v. Port City Props., Inc.*, 258 P.3d 495, 508 (Okla. 2011) (suggesting that introduction of collateral source evidence is barred by Oklahoma law only when the admissibility of a specific type of benefit is governed by statute); *Robinson v. Borg-Warner Protective Servs. Corp.*, 31 P.3d 1041, 1045 (Okla. 2001) (holding that evidence of health insurance may be introduced to attack a witness's credibility).  Plaintiff offers no other reason why collateral source evidence would be unduly prejudicial if used for these purposes.  (*See* Reply Mem. Law Further Supp. Mot. *In Limine* No. 1 (Docket No. 1606) ("Pl.'s First Reply") 3-4).  The Court will therefore follow the approach of the *Hodge* Court and reserve ruling until the issue is ripe at trial — at which point relevance and Rule 403 determinations may be more easily made — on whether New GM may introduce evidence of collateral source evidence for impeachment or rebuttal.  *See Hodge*, 2015 WL 540815, at *1.  Before doing so, New GM shall inform the Court and Plaintiff, outside the presence of the jury, of its intention to introduce collateral source evidence for one of

---

[1]   New GM also argues in its opposition that evidence of other injuries (and collateral payments in connection therewith) could be relevant to "causation, work capacity, and future earnings capacity."  (New GM's First Opp'n 4-5).  The Court agrees with Plaintiff that that argument is properly considered in connection with Plaintiff's Motion *In Limine* No. 2; in any case, the collateral source rule does not apply to payments for injuries that are not part of the plaintiff's claims against the defendant.  *See Blythe v. Univ. of Okla.*, 82 P.3d 1021, 1026 (Okla. 2003) (describing the collateral source rule as applying to torts allegedly caused by the defendant).  (Pl.'s First Reply 2-3).  Accordingly, it is addressed below.

these purposes.  As stated above, however, evidence of collateral source payments may not be introduced for any other purpose, such as to reduce any damages award.  Plaintiff's First Motion *In Limine* is accordingly GRANTED in part and DENIED in part.

## B. Plaintiff's Motion *In Limine* No. 2

Plaintiff's Motion *In Limine* No. 2 asks the Court to exclude evidence and argument relating to any prior injuries or medical history involving body parts not allegedly implicated in the crash (namely, prior knee and shoulder injuries), and Plaintiff's family medical history.  (*See* Pl.'s Mem. Law Supp. Mot. *In Limine* No. 2) (Docket No. 1566) ("Pl.'s Second Mem.") 1).  New GM does not intend to offer any evidence with respect to Plaintiff's *family* medical history, so Plaintiff's motion is GRANTED as unopposed in that regard.  (*See* New GM's Resp. Pl.'s Motion *In Limine* No. 2 (Docket No. 1646) ("New GM's Second Opp'n") 9 n.9).

New GM, however, is entitled to offer evidence of *Plaintiff's* prior injuries with respect to the issues of lost earning capacity and loss of enjoyment as they are plainly relevant to those issues.  The fact that Plaintiff's prior injuries did not previously cause him difficulty in his personal or professional life does not mean that his pre-existing injuries did not add to, or amplify, the effect of the crash injuries, or that the pre-existing injuries on their own would not have let to impairment down the road.  *See, e.g.*, *Spencer v. Sea-Land Serv., Inc.*, No. 98-CV-2817 (DAB) (MHD), 1999 WL 405254, at *1 (S.D.N.Y. June 18, 1999) (holding that the defendant could introduce evidence of the plaintiff's injuries that were not directly at issue in the lawsuit because they were relevant to any claim of inability to work).  As to the risk of unfair prejudice, the prior injuries were to totally different body parts than those injured in the crash, making the likelihood of jury confusion minimal.  And while Plaintiff expresses concern that jurors might view him as "accident-prone or a hypochondriac." (Pl.'s Second Mem. 3-4), that

4

concern is speculative at best and does not outweigh, let alone substantially outweigh, the probative value of the evidence at issue.

Finally, if Plaintiff introduces evidence that his shoulder was injured as a result of the crash, New GM may introduce evidence of his prior shoulder injury or injuries on the issue of causation.  (*See* Pl.'s Reply Mem. Law Supp. Mot. *In Limine* No. 2 (Docket No. 1680) ("Pl.'s Second Reply") 4; New GM's Second Opp'n 8).  It may well be that Plaintiff's shoulder injuries were minor compared to his other injuries as a result of the car accident, but if he places them in issue, New GM is entitled to show that the injuries had a preexisting and unrelated cause.  *See, e.g.*, *Brewer v. Jones*, 222 F. App'x 69, 70-71 (2d Cir. 2007) (summary order) ("[B]ecause the evidence was relevant to show a possible cause of [the plaintiff's] injury unrelated to the acts of the defendant, the district court correctly concluded that the probative value of the evidence outweighed any possibility of prejudice.").  It would then be up to the jury to decide those competing contentions.

Thus, Plaintiff's Motion *In Limine* No. 2 is GRANTED in part and DENIED in part.

## C.  New GM's Motion *In Limine* No. 3

As noted, New GM moves in its Motion *In Limine* No. 3 to exclude evidence concerning amounts Plaintiff was billed, but did not pay, for his medical treatment.  (*See* New GM's First Opp'n 7).  Plaintiff does not contest that this evidence is inadmissible.  (*See* Pl.'s Resp. New GM's Mot. *In Limine* No. 3 (Docket No. 1621)).  New GM's motion is therefore GRANTED.  The parties are strongly encouraged to reach a stipulation regarding the amounts paid to avoid any waste of time or juror confusion.  (*See id.* at 1 (noting that "Plaintiff will likely seek a stipulation with New GM regarding the amounts paid")).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion No. 1 is GRANTED with respect to evidence of damages, but DENIED to the extent that New GM may later seek (with advance notice to Plaintiff and the Court) to introduce evidence of collateral benefits for impeachment or rebuttal; and Plaintiff's Motion No. 2 is GRANTED as unopposed with respect to family medical history, but DENIED with respect to evidence of prior injuries offered on issues of lost earning capacity, loss of enjoyment, or causation for any alleged shoulder injury. New GM's Motion No. 3 is unopposed and therefore GRANTED.

The Clerk of Court is directed to terminate 14-MD-2543, Docket Nos. 1525, 1565, and 1573; and 14-CV-8176, Docket No. 148.

SO ORDERED.

Dated: November 23, 2015
New York, New York

/s/ JESSE M. FURMAN
United States District Judge