```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
IN RE:
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION                 14-MD-2543 (JMF)
                                                              14-MC-2543 (JMF)
```
*This Document Relates To: Abney, et al. v. General Motors LLC, 14-CV-5810*

ORDER NO. 94

```
----------------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

**[Regarding Pretrial Deadlines for Bellwether Trial No. 2, Jury Selection Matters, Scheduling of the Final Pretrial Conference, and Application of Certain Pretrial Orders in Bellwether Trial No. 1 to Bellwether Trial No. 2]**

1.  **Courtroom:** Bellwether Trial No. 2 is scheduled to begin on **March 14, 2016**. The Court plans to hold the trial in its usual courtroom — Courtroom 1105 of the Thurgood Marshall United States Courthouse. (The Court would consider holding jury selection, openings, and summations in a larger courtroom, but would arrange an overflow room for spectators regardless. Additionally, the parties would still have use of their "war rooms" on the fifth floor of the Courthouse.) No later than **February 1, 2016**, the parties shall advise the Court by joint letter if they believe Courtroom 1105 would not be a suitable location for trial for any reason.

2.  **Pretrial Deadlines:** Order No. 91 (Docket No. 2001, as modified by Docket No. 2177) set pretrial deadlines for Bellwether Trial No. 2. Upon reflection, however, the Court believes that limited and minor modifications are warranted to align some of the deadlines. The following schedule and the chart at the end of this Order summarize all upcoming pretrial deadlines for Bellwether Trial No. 2, with modifications to the existing schedule underlined:

    a.  **Dispositive *Barthelemy/Spain* Motions:** The parties shall file any dispositive motions with regard to the *Barthelemy/Spain* Complaint no later than **today**. Responses to any dispositive motions shall be filed no later than **February 10, 2016**. Any replies shall be filed no later than **February 17, 2016**.

b.      **OSI Disputes:**  Pursuant to the Court's Order on January 25, 2016, (Docket No. 2177), Plaintiffs' OSI disclosures were due on **January 25, 2016**, and New GM's deadline to complete OSI depositions is **February 4, 2016**.  Pursuant to Order 91, to the extent the parties have a dispute regarding witnesses Plaintiffs plan to produce to testify to purportedly similar incidents, Plaintiffs shall filing an opening brief with regards to any such dispute by **February 1, 2016**.  Any response from New GM will be due on **February 19, 2016**.

c.      **Motions *in Limine*:**  All motions *in limine*, not to exceed 15 double-spaced pages per opening brief, shall be filed no later than **February 2, 2016**.  Responses, not to exceed 15 double-spaced pages per brief, are due ten (10) days after the filing of the respective motions.  Replies, not to exceed five double-spaced pages, are due seven (7) days after responsive briefed are filed for the respective motions.

d.      ***Daubert* Motions:**  *Daubert* motions, not to exceed 50 double-spaced pages per opening brief, must be submitted no later than **February 3, 2016**.  Responses, not to exceed 50 double-spaced pages per brief, are due fourteen (14) days after filing of the respective motions.  Replies, not to exceed 20 double-spaced pages per brief, are due seven (7) days after responsive briefs are filed.  The parties are encouraged to file briefs ahead of the respective deadlines and well short of the page limits.

e.      **Joint Pretrial Order:**  The parties shall submit their joint proposed pretrial order (consistent with the Court's Individual Rules and Practices for Civil Cases) no later than **<u>February 18, 2016.</u>**  Consistent with the Court's Individual Rules and Practices for Civil Cases, the parties shall list *all* witnesses they intend to call at trial, *whether live or by deposition*.

e. **Trial Exhibit Lists:**  The parties shall submit their trial exhibit lists no later than **February 18, 2016**.  The parties by mutual agreement, however, may add or subtract additional trial exhibits at any time thereafter.  No later than **March 7, 2016**, the parties shall submit copies of their trial exhibits to the Court.  At that time, each party shall submit its exhibits in a single hard drive accompanied by a hyperlinked exhibit list.

f. **Witness Lists:** No later than **February 18, 2016**, the parties shall disclose their respective good faith lists of witnesses whom they intend to call at trial ("Will Call Witness List") and their respective good faith lists of additional witnesses whom they may call at trial ("May Call Witness List").

g. **Deposition Designations:**  Deposition designations shall be submitted no later than **February 22, 2016**.  Counter-designations shall be submitted no later than **February 29, 2016**.  Deposition designation disputes shall be submitted no later than **March 4, 2016**.  The Court will be less indulgent of late designations in the second bellwether trial than it was in the first.

h. **Proposed Jury Questionnaire:**  The Court is inclined to use substantially the same questionnaires that it used in connection with the first bellwether trial (that is, the written questionnaire and the questionnaire used in connection with oral *voir dire*), modified to reflect a summary of this case and the names and places likely to be mentioned at this trial.  (*See* Docket Nos. 2024, 2062).  The parties shall therefore submit a proposed summary of the case, a list of names, and any proposed modifications to the questionnaires used in the first bellwether trial no later than **February 29, 2016**.

i. **Proposed Jury Instructions and Verdict Form:**  Proposed jury instructions and a proposed verdict form, whether a joint proposal or competing proposals, must be submitted no later than **February 29, 2016**.  As with Bellwether Trial No. 1, the parties

3

need not submit proposed language for standard and/or introductory instructions (on the role of the jury, burden of proof, etc.).

j. **Demonstrative Aides:** The parties shall exchange demonstrative aides reasonably anticipated to be used during Openings (that is, *anything* that a party proposes to show the jury, whether it is likely to come into evidence or otherwise) no later than **March 7, 2016**, and shall raise any objections by **March 9, 2016**. Any dispute shall be submitted to the Court no later than **March 11, 2016**, at **noon**.

3. **Final Pretrial Conference:** The Court will hold the Final Pretrial Conference in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York, on **Wednesday, March 9, 2016**, at **9:00 a.m.** (taking a break, as needed, to address the prospective jurors in connection with the written questionnaire discussed below). At the final pretrial conference, the parties should be prepared to discuss, among other things, how much time each side should be allocated at trial. Based on the Court's experience in Bellwether Trial No. 1 and the parties' previously expressed view that subsequent bellwether trials would not exceed three weeks in length, the Court is inclined to allocate less time per side (something in the nature of 24 hours) than it allocated in Bellwether Trial No. 1.

4. **Jury Selection:** With one minor modification discussed below, the Court will use the same jury selection procedures for Bellwether Trial No. 2 that it used for Bellwether Trial No. 1. (*See* Docket No. 1380). In accordance with those procedures, written jury questionnaires will be completed by prospective jurors on **March 9, 2016**, and the parties will have until **March 11, 2016** at **10:00 a.m.** to review the questionnaires and to submit a list of jurors that both sides agree should be excused for cause. (In light of the Court's experience with jury selection in Bellwether Trial No. 1, it intends to summon fewer jurors for Bellwether Trial No. 2 — something in the nature of 80.) Unlike in Bellwether Trial No. 1, however, the parties should simultaneously *also* submit a list of

jurors that only one party believes should be excused for cause (with a brief explanation of the basis for such belief). The Court will review the list of contested jurors that day and will decide if any of those jurors should be excused for cause. The Court will then conduct oral *voir dire* of the remaining prospective jurors on **March 14, 2016**, beginning at **9:30 a.m.**

5.  **Extensions:** Given that March 14, 2016, is a firm trial date, the Court is unlikely to grant any extensions of the foregoing dates and deadlines absent extraordinary circumstances or confidence that the extension would have no effect on the trial date. In accordance with the Court's Individual Rules and Practices for Civil Cases, any request for an extension shall be filed as a letter motion on ECF.

6.  **Application of Certain Pretrial Orders in Bellwether Trial No. 1 to Bellwether Trial No. 2:** Pursuant to Order No. 91, New GM and Plaintiffs submitted competing letter briefs regarding the applicability of certain pretrial rulings from Bellwether Trial No. 1 to Bellwether Trial No. 2. Having reviewed the parties' submissions, and for good cause shown, the Court adopts the holdings contained in the chart attached as Exhibit 1 to this Order concerning the applicability of the listed Bellwether Trial No. 1 pretrial orders to Bellwether Trial No. 2. To the extent either party intends to file new briefing in accordance with this Order, the parties shall first meet and confer in order to avoid unnecessary motion practice and to narrow any disputes. Finally, for good cause shown (by way of letter motion seeking leave from the Court), any party may seek modification or reconsideration of the Court's evidentiary rulings that are deemed applicable to Bellwether Trial No. 2 pursuant to this Order if later rulings on motions *in limine*, dispositive motions, or *Daubert* motions change the scope of relevant and admissible evidence in Bellwether Trial No. 2. A party may only seek such leave to move for such modification or reconsideration, however, after meeting and conferring with the other side.

7. **Show Cause Briefing With Respect to the Applicability of Other Evidentiary Rulings in Bellwether Trial No. 1:** The parties are ordered to meet and confer and, no later than **January 28, 2016**, to submit a joint proposal regarding a deadline to submit show cause briefing regarding the applicability of the Court's other evidentiary rulings from Bellwether Trial No. 1 to Bellwether Trial No. 2 (including the Court's rulings on deposition designations, exhibits, and demonstratives).

8. **Effect of This Order on Other Rules and Orders:** To the extent not explicitly modified herein, the Court's Individual Rules and Practices in Civil Cases and Rules and Procedures for Trials and all other applicable Orders of this Court remain in full force and effect. The Court may enter additional and/or modified orders regarding the pretrial schedule of Bellwether Trial No. 2 as circumstances require.

9. **Summary of Pretrial Deadlines:** For ease of reference, the chart attached as Exhibit 2 to this Order summarizes all of the pretrial deadlines set forth above for Bellwether Trial No. 2. If any party should later move to amend any of these deadlines, that party shall submit as part of the letter motion requesting the extension a revised version of this chart with the proposed amendments.

SO ORDERED.

Dated: January 27, 2016
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

# Exhibit 1

| ISSUE BRIEFED IN BELLWETHER TRIAL NO. 1 (*SCHEUER*) AND RULING | APPLICATION TO BELLWETHER TRIAL NO. 2 (*BARTHELEMY*) |
|---|---|
| Pl. Motion *In Limine* ("MIL") No. 1 (Collateral Source Benefits) (Docket Nos. 1525, 1526)<br><br>Ruling: 11/23/2015 Order (Docket No. 1727) | The Court's Order regarding the *Scheuer* Plaintiff's MIL No. 1 does not apply to *Barthelemy*. |
| Pl. MIL No. 2 (Prior Unrelated Injures and Family Medical History) (Docket Nos. 1565, 1566)<br><br>Ruling: 11/23/2015 Order (Docket No. 1727) | The Court's Order regarding the *Scheuer* Plaintiff's MIL No. 2 does not apply to *Barthelemy*. |
| Pl. MIL No. 3 (Use of Pain Medication) (Docket Nos. 1714, 1715)<br><br>Ruling: 12/9/2015 Order (Docket No. 1837) | The Court's Order regarding the *Scheuer* Plaintiff's MIL No. 3 does not apply to *Barthelemy*. |
| Pl. MIL No. 4 (Spoliation) (Docket Nos. 1711, 1712)<br><br>Ruling: 12/29/2015 Order (Docket No. 1969) | The Court's Order regarding the *Scheuer* Plaintiff's MIL No. 4 does not apply to *Barthelemy*. |
| Pl. MIL No. 5 (Deferred Prosecution Agreement) (Docket Nos. 1731, 1732)<br><br>Ruling: 12/16/2015 Order (Docket No. 1894); 1/6/2016 Order (Docket No. 2018) (redactions) | The applicability of the Court's Order on PL MIL No. 5 in *Scheuer* to *Barthelemy* is subject to the Court's ruling on GM LLC's anticipated motion *in limine* briefing. |

| | |
|---|---|
| Pl. MIL No. 6 (Live Trial Witnesses) (Docket Nos. 1742, 1743)<br><br>Ruling: 12/17/2015 Hr'g Tr. at 5:18-8:16 | The Court's Order regarding the *Scheuer* Plaintiff's MIL No. 6 applies to *Barthelemy*. The parties shall meet and confer regarding adopting the process agreed to by the parties in *Scheuer*. |
| Pl. MIL No. 7 (Plaintiff's Feinberg Claim) (Docket Nos. 1807, 1808)<br><br>Ruling: 12/29/2015 Order (Docket No. 1969) | The Court's Order regarding the *Scheuer* Plaintiff's MIL No. 7 does not apply to *Barthelemy*. The parties in *Barthelemy* are ordered to meet and confer before bringing any motion related to Feinberg evidence. Further, to the extent that either party intends to offer evidence at trial concerning the Feinberg Claims Resolution process (as New GM apparently intended to do at Bellwether Trial No. 1), it shall file a motion *in limine* on the issue. |
| Pl. *Daubert* Motion (Docket Nos. 1801, 1802)<br><br>Ruling: 12/29/2015 Order (Docket No. 1970) | The Court's Order regarding the *Scheuer* Plaintiff's *Daubert* motion applies in *Barthelemy*, but the parties are free to raise arguments to exclude experts not addressed in the *Scheuer* Plaintiff's *Daubert* motion. |
| GM LLC MIL No. 1 (NHTSA Consent Order) (Docket Nos. 1378, 1379)<br><br>Ruling: 12/01/2015 Order (Docket No. 1770); 1/6/2016 Order (Docket No. 2017) (redactions) | GM LLC is granted leave to file additional briefing on this issue for the reasons set forth in its letter brief. |
| GM LLC MIL No. 2 (Spoliation) (Docket Nos. 1411, 1415)<br><br>Ruling: 12/29/2015 Order (Docket No. 1969) | The Court's Order regarding GM LLC's MIL No. 2 in *Scheuer* does not apply to *Barthelemy*. |

| | |
|---|---|
| GM LLC MIL No. 3 (Paid vs. Incurred Medical Expenses) (Docket Nos. 1573, 1574)<br><br>Ruling: 11/23/2015 Order (Docket No. 1727) | The Court's Order regarding GM LLC's MIL No. 3 in *Scheuer* does not apply to *Barthelemy*. |
| GM LLC MIL No. 4 (Plaintiff's Eviction) (Docket Nos. 1580, 1581)<br><br>Ruling: 11/30/2015 Order (Docket No. 1770) | The Court's Order regarding GM LLC's MIL No. 4 in *Scheuer* does not apply to *Barthelemy*. |
| GM LLC MIL No. 5 (Cases Filed and Prior Settlements) (Docket Nos. 1582, 1583)<br><br>Ruling: 11/30/2015 Order (Docket No. 1770) | The applicability of the Court's Order on GM MIL No. 5 in *Scheuer* to *Barthelemy* is subject to the Court's ruling on GM LLC's anticipated motion *in limine* briefing. |
| GM LLC MIL No. 6 (Anderson/Ward-Green Criminal Cases) (Docket Nos. 1585, 1586)<br><br>Ruling: 11/30/2015 Order (Docket No. 1770) | The Court's Order regarding GM LLC's MIL No. 6 in *Scheuer* applies to *Barthelemy*. |
| GM LLC MIL No. 7 (Punitive Damages) (Docket Nos. 1611, 1612)<br><br>Ruling: 12/30/2015 Order (Docket No. 1980) | The Court's Order regarding GM LLC's MIL No. 7 in *Scheuer* does not apply to *Barthelemy* for the reasons set forth in GM LLC's letter brief.  New GM shall not file any motion, however, until after (1) the Court's decision on any dispositive motion and (2) meeting and conferring with Plaintiffs concerning the need for motion *in limine* briefing. |
| GM LLC MIL No. 8 (Misrepresentations to NHTSA) (Docket Nos. 1614, 1615)<br><br>Ruling: 12/3/2015 Order (Docket No. 1791) | The applicability of the Court's Order on GM MIL No. 8 in *Scheuer* to *Barthelemy* is subject to the Court's ruling on GM LLC's anticipated motion *in limine* briefing. |

| | |
|---|---|
| GM LLC MIL No. 9 (Privilege Issues at Trial) (Docket Nos. 1616, 1617)<br><br>Ruling: 12/3/2015 Order (Docket No. 1791) | The Court's Order regarding GM LLC's MIL No. 9 in *Scheuer* applies to *Barthelemy*. |
| GM LLC MIL No. 10 (Discovery and Other Litigation Conduct) (Docket Nos. 1618, 1619)<br><br>Ruling: 12/3/2015 Order (Docket No. 1791) | The Court's Order regarding GM LLC's MIL No. 10 in *Scheuer* applies to *Barthelemy*. |
| GM LLC MIL No. 11 (Other Similar Incidents) (Docket Nos. 1629, 1630) (*see also* Docket Nos. 1834, 1910)<br><br>Ruling: 12/3/2015 Order (Docket No. 1790); 12/28/2015 Order (Docket No. 1968) | GM LLC is granted leave to brief the issue of substantial similarity to the extent Plaintiffs disclose the same OSI evidence as in *Scheuer*. New briefing is allowed if Plaintiffs disclose different OSI evidence. |
| GM LLC MIL No. 12 (Valukas Report) (Docket Nos. 1631, 1632)<br><br>Ruling: 12/9/2015 Order (Docket No. 1837); 1/6/2016 Order (Docket No. 2019) (redactions) | The applicability of the Court's Order on GM MIL No. 12 in *Scheuer* to *Barthelemy* is subject to the Court's ruling on GM LLC's anticipated motion *in limine* briefing. |
| GM LLC MIL No. 13 (Government Investigations) (Docket Nos. 1633, 1634)<br><br>Ruling: 11/25/2015 Order (Docket No. 1749) | GM LLC's motion remains unopposed. The Court's Order regarding GM LLC's MIL No. 13 in *Scheuer* granting the motion as unopposed applies to *Barthelemy*. |

| | |
|---|---|
| GM LLC MIL No. 14 (Congressional Testimony) (Docket Nos. 1635, 1636)<br><br>Ruling: 12/9/2015 Order (Docket No. 1837) | The applicability of the Court's Order on GM MIL No. 14 in *Scheuer* to *Barthelemy* is subject to the Court's ruling on GM LLC's anticipated motion *in limine* briefing. |
| GM LLC MIL No. 15 (Government Reports) (Docket Nos. 1637, 1638)<br><br>Ruling: 12/9/2015 Order (Docket No. 1837) | The Court's Order regarding GM LLC's MIL No. 15 in *Scheuer* applies to *Barthelemy*. The parties shall meet and confer with respect to proposed redactions to the *Path Forward Report*. Any disagreements should be raised with the Court no later than **March 7, 2016**. |
| GM LLC MIL No. 16 (Non-Delta Ignition Switches) (Docket Nos. 1639, 1640)<br><br>Ruling: 12/7/2015 Order (Docket No. 1825); 12/29/2015 Order (Docket No. 1971) (factual correction) | The Court's Order regarding GM LLC's MIL No. 16 in *Scheuer* applies to *Barthelemy*. |
| GM LLC MIL No. 17 (Adequacy of Recall Remedies) (Docket Nos. 1641, 1642)<br><br>Ruling: 12/7/2015 Order (Docket No. 1825) | GM LLC is granted leave to file additional briefing on the part of the motion the Court denied for the reasons set forth in its letter brief. |
| GM LLC MIL No. 18 (Irrelevant, Pejorative, Unfairly Prejudicial Remarks) (Docket Nos. 1643, 1644)<br><br>Ruling: 12/7/2015 Order (Docket No. 1825) | The Court's Order regarding GM LLC's MIL No. 18 in *Scheuer* applies to *Barthelemy*. |

| | |
|---|---|
| GM LLC MIL No. 19 (Anonymous Letters) (Docket Nos. 1805, 1806)<br><br>Ruling: 12/29/2015 Order (Docket No. 1971) | The Court's Order regarding GM LLC's MIL No. 19 in *Scheuer* applies to *Barthelemy*. |
| GM LLC *Daubert* Motion (Docket Nos. 1815, 1820)<br><br>Ruling: 12/29/2015 Order (Docket No. 1970) | GM LLC is granted leave to file a *Daubert* motion based on different grounds than those in *Scheuer*. |

# Exhibit 2

| Deadline | Submission | Party or Parties |
|---|---|---|
| January 27, 2016 | Dispositive *Barthelemy/Spain* Motions | Both Parties |
| January 28, 2016 | Show-Cause Briefing Proposal | Both Parties |
| February 1, 2016 | Joint Letter (If Concerned About Using Courtroom 1105) | Both Parties |
| February 1, 2016 | OSI Disputes Opening Brief | Plaintiffs |
| February 2, 2016 | Last Day to File Motions *in Limine* | Both Parties |
| February 3, 2016 | *Daubert* Motions | Both Parties |
| February 4, 2016 | Deadline to Complete OSI Depositions | New GM |
| February 10, 2016 | Oppositions to Dispositive *Barthelemy/Spain* Motions | Both Parties |
| February 12, 2016 | Oppositions to Final Motions *in Limine* | Both Parties |
| February 17, 2016 | Replies to Dispositive *Barthelemy/Spain* Motions | Both Parties |
| February 17, 2016 | Oppositions to *Daubert* Motions | Both Parties |
| February 18, 2016 | Joint Proposed Pretrial Order | Both Parties |
| February 18, 2016 | Trial Exhibit Lists | Both Parties |
| February 18, 2016 | Witness Lists | Both Parties |
| February 19, 2016 | Replies to Final Motions *in Limine* | Both Parties |
| February 19, 2016 | Response to OSI Disputes | New GM |
| February 22, 2016 | Deposition Designations | Both Parties |
| February 24, 2016 | Replies to *Daubert* Motions | Both Parties |
| February 29, 2016 | Deposition Counter-Designations | Both Parties |
| February 29, 2016 | Proposed Modifications to Jury Questionnaires | Both Parties |
| February 29, 2016 | Proposed Jury Instructions and Verdict Form | Both Parties |
| March 4, 2016 | Deposition Designation Disputes | Both Parties |
| March 7, 2016 | Deadline for Parties to Exchange Opening Demonstratives | Both Parties |
| March 7, 2016 | Copies of Trial Exhibits | Both Parties |
| March 9, 2016, at 9 am | Final Pretrial Conference and Beginning of Jury Selection Process | Both Parties |
| March 9, 2016 | Objections to Opening Demonstratives | Both Parties |
| March 11, 2016, at 10 am | Lists of Jurors to be Excused for Cause by Agreement and Proposed Strikes | Both Parties |
| March 11, 2016, at noon | Opening Demonstrative Disputes Submitted to Court | Both Parties |
| March 14, 2016 | *Barthelemy/Spain* Trial Begins | Both Parties |