USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/25/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*

--------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

**[Regarding New GM's Motion for Partial Reconsideration of the Court's December 19, 2017 Order and Opinion on Successor Liability]**

Late last year, this Court issued two opinions — familiarity with which is assumed — that, taken together, granted in part and denied in part New GM's motion for partial summary judgment on "successor liability" claims brought by a subset of Plaintiffs in sixteen jurisdictions. *See In re Gen. Motors LLC Ignition Switch Litig.* ("*Dec. 19, 2017 Op.*"), No. 14-MC-2543 (JMF), 2017 WL 6509256 (S.D.N.Y. Dec. 19, 2017); *In re Gen. Motors LLC Ignition Switch Litig.* ("*Aug. 3, 2017 Op.*"), No. 14-MC-2543 (JMF), 2017 WL 3382071 (S.D.N.Y. Aug. 3, 2017). In particular, the Court granted summary judgment and dismissed claims from eight states found to be governed by either Delaware or Maryland law. *See Dec. 19, 2017 Op.*, 2017 WL 6509256, at *3-5; *Aug. 3, 2017 Op.*, 2017 WL 3382071, at *12, *19. By contrast, the Court denied summary judgment with respect to the claims from the other eight states, including two states (Texas and Virginia) governed by New York law. *See Dec. 19, 2017 Op.*, 2017 WL 6509256, at *2-9. New GM now moves for reconsideration of the Court's denial of summary judgment as to claims governed by New York law. (Docket No. 4936).

Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 principally govern motions for reconsideration, which "ensure the finality of decisions and [] prevent the

1

practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012). "The major grounds justifying reconsiderations are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (alteration in original) (internal quotation marks omitted). Indeed, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A "district court has broad discretion in determining whether to grant a motion" for reconsideration. *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

Applying those standards here, and mindful of the particular importance in this litigation of making sure the Court's rulings are "right" rather than final, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2017 WL 3443623, at *3 (S.D.N.Y. Aug. 9, 2017), the Court agrees with New GM that reconsideration is warranted. As the Court previously noted, to bring a successor liability claim against New GM under New York law, Plaintiffs "must prove continuity of ownership." *Dec. 19, 2017 Op.*, 2017 WL 6509256, at *7 (internal quotation marks and citations omitted); *see, e.g.*, *New York v. Nat'l Serv. Indus.*, *Inc.*, 460 F.3d 201, 211-12 (2d

Cir. 2006). "[A] continuity of ownership exists where the predecessor corporation's shareholders become direct or indirect shareholders of the successor corporation." *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 289 (S.D.N.Y. 2012) (internal quotation marks omitted). In its prior Opinion, the Court found that such continuity could be found in the fact that Old GM — New GM's predecessor corporation — "received '10% of New GM's common stock (and warrants to purchase up to 15%).'" *Dec. 19, 2017 Op.*, 2017 WL 6509256, at *8 (quoting *Aug. 3, 2017 Op.*, 2017 WL 3382071, at *18). In so finding, however, the Court overlooked one undisputed fact (that, ironically, the Court itself had previously noted): Although Old GM did receive shares of New GM's stock, those shares were "earmarked for Old GM's creditors" — *not* for Old GM's shareholders — and "did not provide for any role in appointing board members." *Aug. 3, 2017 Op.*, 2017 WL 3382071, at *18; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 520 (Bankr. S.D.N.Y. 2009) (approving the Chapter 11 plan and recognizing that Old GM's creditors, and not its shareholders, would receive New GM's stock). In the Bankruptcy Court's more colorful words, the bankruptcy "wholly wiped out" Old GM's shareholders. *In re Motors Liquidation Co.*, 447 B.R. 198, 202 n.6 (Bankr. S.D.N.Y. 2011).

Critically, New York law "does not exalt form over substance" in determining whether a predecessor and successor corporation share ownership. *Cargo Partner AG v. Albatrans Inc.*, 207 F. Supp. 2d 86, 104 (S.D.N.Y. 2002), *aff'd*, 352 F.3d 41 (2d Cir. 2003). That is, New York law requires courts to apply the test of continuity "in a flexible manner," *Tap Holdings, LLC v. Orix Fin. Corp.*, 970 N.Y.S.2d 178, 184 (2013), recognizing "the realities of the transaction that took place," *Miller v. Forge Mench P'ship Ltd.*, No. 00-CV-4314 (MBM), 2005 WL 267551, at *8 (S.D.N.Y. Feb. 2, 2005). More specifically, New York law permits courts to examine "multiple transactions jointly" in determining whether continuity of ownership exists. *MBIA Ins.*

*Corp. v. Countrywide Home Loans, Inc.*, 965 N.Y.S.2d 284, 299 (Sup. Ct. 2013); *see also, e.g.*, *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 57 N.Y.S.3d 111, 113 (App. Div. 2017) (holding that the continuity-of-ownership analysis is not limited "to only those situations where the shareholder interests are acquired in the same transaction as the asset sale"); *Arnold Graphics Indus., Inc. v. Indep. Agent Ctr., Inc.*, 775 F.2d 38, 42 (2d Cir. 1985) ("[T]here is no requirement that all of the events that are necessary to a finding of *de facto* merger occur at the same time."). Applying those principles here, the Court is compelled to conclude that Plaintiffs cannot show continuity of ownership through the transfer of New GM's shares to Old GM as part of the sale. That transfer did not result in Old GM's "*shareholders* becom[ing] direct or indirect shareholders of the successor corporation," *City of Syracuse*, 900 F. Supp. 2d at 289 (emphasis added) (internal quotation marks omitted), as the shares went to Old GM's *creditors*. *See, e.g.*, *Sorenson v. Allied Prods. Corp.*, 706 N.E.2d 1097, 1100 (Ind. Ct. App. 1999) (declining to find continuity of ownership where shares of the predecessor corporation were "distributed to [the successor corporation's] secured creditors," and, thus, the successor corporation's "shareholders never had possession of the [predecessor corporation's] shares").

Perhaps recognizing that the transfer of New GM's shares does not support the weight the Court previously put on it, Plaintiffs put forward two alternative bases to satisfy the continuity-of-ownership requirement. First, Plaintiffs contend that "certain Old GM insiders and employees who had owned Old GM stock came to own New GM stock pursuant to participation in a defined contribution plan (the S-SPP)." (Pls' Br. 7). But the S-SPP did not hold any shares in New GM at the time of the asset sale. Indeed, putting aside the New GM shares transferred to Old GM to be distributed to Old GM's creditors (discussed above), only three entities owned New GM: the United States Treasury, Export Development Canada, and a "New Employees'

Beneficiary Association Trust." *See In re Gen. Motors Corp.*, 407 B.R. at 482-83. To be sure, well after the sale of Old GM, the Executive Compensation Committee of New GM approved a new equity incentive plan for executives, with stock awards to "vest several years later . . . after New GM became a publicly traded company." (Docket No. 3593, Ex. 2 ("Diewald Decl."), ¶¶ 5-6). But that plan was both later development and was markedly limited in scope: Stock awards under the plan were "expected to be 2% of common stock outstanding." (*Id.* ¶ 6 (internal quotation marks omitted)). Accordingly, the S-SPP does not establish continuity of ownership under New York law. *See, e.g.*, *Desclafani v. Pave-Mark Corp.*, No. 07-CV-4639 (HBP), 2008 WL 3914881, at *5 (S.D.N.Y. Aug. 22, 2008) (holding that an employee stock ownership plan did not establish continuity of ownership where the plan was not "part of the asset purchase"); *In re Polyurethane Foam Antitrust Litig.*, 86 F. Supp. 3d 769, 783 (N.D. Ohio 2015) (applying New York law and rejecting successor liability where the employee stock ownership program was not "part of the Asset Sale" and there was no evidence that the predecessor corporation's stock was "exchange[d] for" the successor corporation's stock).[1]

Second, in arguing that the continuity-of-ownership requirement has been (or can be) met, Plaintiffs invoke the fact that New GM assumed responsibility for Old GM's health and welfare benefit plan for certain employees and the fact that a "new employees' beneficiary association trust," designed to fund health and welfare benefits for United Auto Workers retirees, owned 17.5% of New GM stock immediately after the sale. (Pls' Br. 7). But neither of those facts supports finding a continuity of ownership. With respect to the former, Plaintiffs do not,

---

[1]     For largely the same reasons, Plaintiffs' renewed alternative request — for limited discovery on the stock holdings of certain Old GM and New GM employees (*see* Pls' Br. 10-11) — is denied once again. (*See* Docket No. 3597 (denying Plaintiffs' letter motion to compel)).

and cannot, claim that any Old GM shareholders were awarded health and welfare benefits at the time of the sale. And even if they could, health and welfare benefits do not constitute ownership. With respect to the latter, Plaintiffs do not, and cannot, allege that any health and welfare benefits funded by the trust were issued to any Old GM shareholders; in fact, the record reveals that the new employees' beneficiary association trust sold its Old GM stock in 2003, well before the sale to New GM, and was not an Old GM shareholder at the time of the sale. (Diewald Decl. ¶¶ 5-6). In any event, there is no evidence in the record that the trust, established to fund health and welfare benefits for certain employees, conferred any equity in New GM to its beneficiaries.

In short, the Court concludes that Plaintiffs cannot demonstrate continuity of ownership within the meaning of New York law, and thus cannot advance successor liability claims in any state where New York law applies.[2] It follows that New GM's motion for partial reconsideration must be and is GRANTED and that the successor liability claims of Plaintiffs from Texas and Virginia must be and are DISMISSED. *See Dec. 19, 2017 Op.*, 2017 WL 6509256, at \*7 (holding that Texas and Virginia apply New York Law); *Aug. 3, 2017 Op.*, 2017 WL 3382071, at \*19 (same). The Clerk of Court is directed to terminate Docket No. 4936.

        SO ORDERED.

Date:   April 25, 2018
        New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge

---

[2]     In light of that, the Court need not and does not address New GM's other arguments for reconsideration. (Docket No. 4937, at 18-21).