**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE: GM LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 167**

JESSE M. FURMAN, United States District Judge:

**[Regarding Procedures and Schedule for Wave Four Targeted Discovery and Motion
Practice and Additional Wave Pools to Address Remaining Personal Injury Claims]**

Given the remarkable success of the "wave" process in this multidistrict litigation ("MDL")
to date, the Court agrees with New GM that a Wave Four should be adopted to address the
remaining personal injury and wrongful death claims (many of which were filed after the previous
waves were adopted) and any new claims filed in the future.  For good cause shown, the Court
thus adopts the following schedule and procedures for Wave Four discovery of and motion practice
regarding the remaining personal injury and wrongful death cases, as well any new claims that
may be filed and consolidated going forward.

That said, the Court is sympathetic to Lead Counsel's concerns regarding claims that have
been pending in this MDL for a significant amount of time.  *See* ECF No. 7783, at 3.  To help
ensure that such claims are advanced more quickly, with an eye toward settlement or remand, the
Court would be open to adopting more "aggressive" procedures claims that were initially filed
before January 1, 2017 (i.e., the first seven claims listed in ECF No. 7783-2), including but not
limited to perhaps allowing "bilateral fact and expert discovery" for such claims.  *Id.* at 5.  Lead
Counsel and counsel for New GM shall meet and confer to discuss the issue and, no later than
**March 13, 2020**, submit an agreed-upon proposed order with respect to these claims or competing

orders and letter briefs.  Unless and until the Court adopts additional or different procedures for such claims, they shall be subject to the schedule and procedures set forth herein.

**A.**     <u>**Identification of Wave Four Plaintiffs.**</u>

1.     To be eligible to participate in Wave Four, a plaintiff must satisfy all of the following criteria: (1) the plaintiff's claims must be transferred to and consolidated in MDL 2543;[1] (2) the plaintiff must not have been included in Wave One, Wave Two, or Wave Three (*see* Order Nos. 141, 151, and 160; Docket Nos. 5074, 5653, and 6511); (3) the plaintiff must not be subject to a motion to withdraw or Order No. 137-type procedures (Docket No. 4840); (4) the plaintiff must not be eligible to participate in a settlement; and (5) the plaintiff's claims must not be subject to a pending motion for summary judgment.

2.     By **Thursday, March 5, 2020**, New GM will file on the main MDL docket a list of plaintiffs eligible to participate in Wave Four (and identify any pro se claimant).

3.     **By the same date**, New GM shall serve a copy of its submission, along with a copy of this Order, on any unrepresented plaintiff on the list, and shall file proof of such service on the main MDL docket **within three business days**.

4.     By **Friday, March 6, 2020**, New GM and Lead Counsel shall file on the main MDL docket a joint list of cases eligible to participate in Wave Four.  To the extent there is any dispute about this combined list, New GM and Lead Counsel shall address the disputes in a joint letter-brief to the Court on that same date.  Once any disputes are resolved by the Court, the resulting plaintiffs shall be referred to as the "Wave Four plaintiffs."

---

[1] By including in Wave Four plaintiffs whose accidents occurred prior to July 10, 2009, New GM is not waiving any defenses relating to the July 9, 2009 Bankruptcy Court Sale Order and Injunction.  On the contrary, New GM is expressly preserving any and all of its objections and defenses relating to the Order and Injunction.

B.    **Severance of Complaints.**

5.    Any Wave Four plaintiffs whose claims are included in a complaint brought on behalf of multiple plaintiffs bringing personal injury and/or wrongful death claims arising out of different accidents or incidents will be severed upon the parties' joint filing described in Paragraph 4 above.  Unless and until the Court directs or orders otherwise, however, the Clerk of Court shall not terminate any such Wave Four plaintiff from his or her original docket.  (The Court will direct or order such termination instead after either (a) the plaintiff has filed an amended and severed complaint pursuant to Paragraphs 6 and 7 below, or (b) the plaintiff has been dismissed with prejudice for failure to comply with this Order.)

6.    By **Friday, April 3, 2020**, each Wave Four plaintiff subject to Paragraph 5 above shall refile his or her complaint or an amended complaint in this Court and pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a) or be dismissed without prejudice.  By **Friday, May 1, 2020**, any such dismissal without prejudice will automatically convert to a dismissal with prejudice unless any such dismissed Wave Four plaintiff refiles his or her amended complaint and pays the required filing fee in accordance with this order.  *See, e.g.*, *In re Asbestos Prods. Liab. Litig.*, 2008 WL 4290954, at *2-3 (E.D. Pa. Sept. 18, 2008) (requiring amended and severed complaint and payment of filing fee within 60 days on pain of dismissal with prejudice); *In re Seroquel Prods. Liab. Litig.*, 2007 WL 737589, at *3 (M.D. Fla. Mar. 7, 2007) (noting "gatekeeping feature of a filing fee and the cost of managing [] additional cases in the federal court system as a whole, both as part of this multi-district case and once remanded to the transferor or other proper court, as individual cases").  In conjunction with any amended and severed complaint, a Wave Four plaintiff shall also file a Related Case Statement, available at www.nysd.uscourts.gov/forms.php, identifying the new lawsuit as related to these proceedings (*In re General Motors LLC Ignition Switch Litigation*, 14-MD-2543 (JMF)).  Any complaint or

amended complaint refiled pursuant to this Order shall be treated for all purposes as if it were filed on the date the original consolidated complaint was filed.

7.     To facilitate the assignment of these new cases to the undersigned for inclusion in the MDL and the orderly termination of Amending Plaintiffs from their initial dockets (as of the date of the newly filed amended and severed complaint), each Amending Plaintiff shall (1) prominently note in the Related Case Statement that he or she is an existing plaintiff in an existing case, citing the case name and docket number of that case; (2) reference in the Related Case Statement the MDL Order pursuant to which he or she is filing an amended and severed complaint; and (3) attach as an exhibit to the Related Case Statement a copy of the original complaint in which the Amending Plaintiff is already associated.

**C.     Wave Four Discovery Scope and Timing.**

8.     **Scope of Targeted Discovery**.  Case-specific discovery of Wave Four plaintiffs shall be limited to: (a) the scope of the plaintiff's accident causation claims (*e.g.*, is plaintiff claiming that an ignition switch rotation caused the accident, caused air bag non-deployment, or both?); (b) the sequence of events leading up to and during the accident; (c) whether the ignition switch rotated during the accident sequence; (d) whether the air bag should have deployed during the accident; (e) when and how plaintiff first discovered (or with the exercise of reasonable diligence should have discovered) they had a potential claim relating to the accident; and (f) when the subject vehicle was first purchased or sold.

     a.     **Written Discovery**: Written discovery and document production shall be limited to substantially complete Plaintiff Fact Sheets ("PFS") and compliance with Order Nos. 108 or 148 (Docket Nos. 3115, 5373).  In addition, New GM may serve non-duplicative targeted interrogatories, requests for production of documents, or requests for admission limited to accident or air bag non-deployment causation issues in the specific accident or statute of limitations/ repose defenses as defined above.  In turn, New GM will produce individual Vehicle Packages for each plaintiff's vehicle (if not already produced), as well as any applicable recall notices and reminders.  (*See* Docket No. 3081, Order No. 107, ¶ 5.)  There will be no

additional written discovery of any party during this phase of discovery without leave of Court.

b.   **SDM and Vehicle Inspection**: If the subject vehicle and/or SDM download is available, Wave Four plaintiffs shall make those available to New GM for inspection and/or retrieval.

c.   **Non-Privileged Case-Specific Documents in New GM's Possession**: To the extent New GM has in its possession as of the date of this Order any data downloads of the subject vehicle or other non-privileged case-specific materials (*e.g.*, documents regarding title history, vehicle photographs, actual parts of the subject vehicle, accident reports, insurance or other third-party records relating to the subject incident), New GM shall make such items available to the Wave Four plaintiffs for inspection, retrieval, and/or review.

d.   **Fact Depositions**: Wave Four fact discovery depositions shall be limited to: (a) Wave Four plaintiffs;[2] (b) the investigating police officer(s); and (c) two scene or first responder witnesses.  As to the last category, each party may select one deponent if there is any disagreement over who those two scene/first responder witnesses should be, and if one party does not pick any scene or first responder deponent, the other party may select two scene/first responder deponents.  The number of deponents in categories (b) and (c) above may be increased by agreement of the parties and/or by order of the Court.  Additionally, the parties may take depositions of up to two witnesses with potential knowledge of information relevant to when plaintiff first discovered (or with the exercise of reasonable diligence should have discovered) that plaintiff had a potential claim relating to the accident.  There will be no additional depositions of parties or third parties during this phase of discovery without leave of Court.

e.   **Expert Discovery**:[3] Wave Four plaintiffs are required to submit written expert reports, including all reliance materials in compliance with Order No. 74 (Docket No. 1279), for any expert necessary to establish accident or air bag non-deployment causation under applicable state law, and plaintiffs must also produce their expert(s) for deposition after the written reports are supplied to New GM's counsel.

f.   **No Waiver**: By participating in Wave Four, the parties do not waive their rights to take additional discovery consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's orders.

---

[2] Should the case proceed past the stage of Wave Four discovery and any related dispositive motion practice, the deposition would remain open to address other issues, such as damages, injury causation, *etc.*, at a later date.  New GM would not need to seek leave of the Court to continue that deposition under the one-deposition rule.

[3] For clarity, medical expert discovery, including expert reports for, or depositions of, medical causation witnesses, are not required to be provided and are not permitted except by agreement of the parties.

9.      **Timing**.   The targeted discovery described in Paragraph 8(a) - (e) above shall

proceed on the following schedule:

a.      By **Friday, May 1, 2020**, plaintiffs shall submit substantially complete PFS and settlement materials as required by Order Nos. 25 and 108 (Docket No. 422).

b.      By **Friday, May 8, 2020**, New GM shall file a notice on the main MDL docket of any Wave Four plaintiffs who have not submitted a substantially complete PFS, have PFS deficiencies, or have not complied with Order No. 108.   The parties are to meet and confer to resolve any disputes.

c.      On **Friday, May 15, 2020**,[4] any Wave Four plaintiff who has not submitted a substantially complete PFS or produced all materials required to be produced under Order Nos. 25 and 108 may be subject to a motion to dismiss.   Upon notice from New GM, any Wave Four plaintiff not in compliance with his or her discovery obligations under this Order will have one week to comply with this Order or face dismissal without prejudice.   If within one month following his or her dismissal without prejudice, a Wave Four plaintiff complies with this Order, or otherwise contests his or her dismissal, he or she may move to vacate the dismissal.   Any Wave Four plaintiff who does not do so will be dismissed with prejudice upon a second notice from New GM.

d.      Targeted, case-specific fact discovery of Wave Four plaintiffs shall commence on **Friday, July 3, 2020**, and shall conclude by **Friday, December 24, 2020**.

e.      By **Friday, June 5, 2020**, New GM shall produce the documents and information required by Paragraphs 8(a) and 8(c), above.

f.      On **Friday, June 15, 2020**, Wave Four fact discovery depositions as described in Paragraph 8(d) above may commence.

g.      Wave Four plaintiffs shall disclose their expert witnesses and submit any written reports, including all reliance materials in compliance with Order No. 74 (Docket No. 1279), required under Fed. R. Civ. P. 26(a)(2)(B), on or before **Friday, December 4, 2020**.

h.      Wave Four plaintiffs shall present their expert witnesses for deposition on or before **Wednesday, January 6, 2021**.   The Parties are ordered to use good faith efforts to coordinate depositions so that experts who have been retained by multiple Wave Four plaintiffs are deposed utilizing the fewest calendar days possible.   In other words, expert depositions relating to multiple cases should be consolidated on the

---

[4]  New GM may move for dismissal prior to **Friday, May 1, 2020** against any plaintiff whose PFS and Order No. 108/148 materials are already overdue based on the deadlines set forth in Order Nos. 25, 108, and 148.

fewest calendar days possible.  Notwithstanding the foregoing, this Paragraph does not abrogate any provisions of Order No. 36 (Docket No. 604).

**D.**     **Wave Four Notice/Motion Practice.**

10.     **Air Bag Deployment Notice.**  By **Friday, June 5, 2020**, New GM will file a list of Wave Four plaintiff claims that it has identified as ones it believes should be dismissed in light of the Court's December 28, 2017 Opinion and Order.  *See In re GM LLC Ignition Switch Litig.*, 2017 WL 6729295, at *1 (S.D.N.Y., Dec. 28, 2017).  By **Friday, July 3, 2020**, counsel for the Wave Four plaintiffs included on that list will either: (1) move to withdraw; (2) voluntarily dismiss their claims; or (3) provide in a filing made ***on the main MDL docket as well as their individual docket*** the factual bases as to why those plaintiffs believe dismissal is not appropriate.

11.     **Statute of Limitations/Repose Notice.**  By **Friday, June 5, 2020**, New GM will file a list of Wave Four plaintiff claims that New GM believes are barred by applicable statutes of limitation or applicable statutes of repose.  By **Friday, July 3, 2020**, counsel for the Wave Four plaintiffs included on that list will either: (1) move to withdraw; (2) voluntarily dismiss their claims; or (3) provide in a filing made ***on the main MDL docket as well as their individual docket*** the factual bases as to why those plaintiffs believe their claims are not barred.

12.     **"No Plausibly Pled Defect / Causation" Motion.**  By **Friday, June 5, 2020**, New GM will file its motion to dismiss Wave Four claims that New GM believes should be dismissed for failure to state a claim.  By **Friday, July 3, 2020**, counsel for Wave Four plaintiffs included in that motion will will either: (1) move to withdraw; (2) voluntarily dismiss their claims; or (3) provide in a filing made ***on the main MDL docket as well as their individual docket*** the factual bases as to why those plaintiffs believe dismissal is not appropriate (and specifically identify any plaintiffs who intend to amend their complaints).  Plaintiffs subject to this notice who desire to

amend their complaints will file amended complaints on their respective individual dockets by **Friday, July 17, 2020.**

13.     To the extent newly discovered evidence or information provides a basis for one of the above types of notices or motions after **Friday, June 5, 2020**, New GM may file a notice identifying additional plaintiffs it believes are barred.  Counsel for the Wave Four plaintiffs included on that notice, within **fourteen (14) days of New GM's notice**, will either: (1) move to withdraw; (2) voluntarily dismiss their claims; or (3) provide in a filing made ***on the main MDL docket as well as their individual docket*** the factual bases as to why those plaintiffs believe dismissal is not appropriate.

14.     By **Friday, July 31, 2020**, Lead Counsel and New GM will file a joint letter identifying the number of — and proposing next steps to address — any remaining disputed Wave Four claims that were subject to one or more notices or motions, including next steps for plaintiffs who desire to amend their complaints.

**E.     Wave Four Settlement Status Updates And Next Steps.**

15.     By **Monday, June 8, 2020**, New GM and Lead Counsel will submit to the Court a joint letter reporting on the status of Wave Four settlement efforts.  Thereafter, counsel shall keep the Court apprised of Wave Four settlement efforts in the monthly related case update letters, in accordance with Paragraph VI of Order No. 127 (Docket No. 4253).

16.     By **Friday, December 11, 2020,** New GM and Lead Counsel shall meet and confer regarding proposed next steps for any remaining Wave Four cases and submit joint or competing letter-briefs (not to exceed ten single-spaced pages) setting forth their positions.

17.     The Wave Four deadlines herein may be stayed or modified by agreement of the parties or by order of the Court for good cause shown.

F.      **Additional Wave Pools**

18.     In the event that additional cases are filed into the MDL after the entry of this order

and meet the eligibility requirements for Wave Four, as described in Paragraph 1 above, those

plaintiffs will be automatically subjected to "Wave Pool" procedures on the following timeline,

determined by the date that the case was consolidated into the MDL:[5]

a.      **One week after the date of consolidation,** New GM will serve newly consolidated plaintiffs with Order No. 69 (Docket No. 1162) and the Court's Wave Four Order.

b.      **Two months after the date of consolidation,** New GM shall file a notice on the main MDL docket of any Wave Pool plaintiffs who have not submitted a substantially complete PFS, have PFS deficiencies, or have not complied with Order No. 108.  The parties are to meet and confer to resolve any disputes.

c.      **Three months after the date of consolidation**, any Wave Pool plaintiff who has not submitted a substantially complete PFS or produced all materials required to be produced under Order Nos. 25 and 108 may be subject to a motion to dismiss.  Upon notice from New GM, any Wave Pool plaintiff not in compliance with his or her discovery obligations under this Order will have one week to comply with this Order or face dismissal without prejudice.  If within one month following his or her dismissal without prejudice, a Wave Pool plaintiff complies with this Order, or otherwise contests his or her dismissal, he or she may move to vacate the dismissal.  Any Wave Pool plaintiff who does not do so will be dismissed with prejudice upon a second notice from New GM.

d.      **Three months after the date of consolidation,** New GM will file a list of Wave Pool plaintiff claims that it has identified as ones it believes should be dismissed: (1) in light of the Court's December 28, 2017 Opinion and Order.  *See In re GM LLC Ignition Switch Litig.*, 2017 WL 6729295, at *1 (S.D.N.Y., Dec. 28, 2017); (2) as barred by applicable statutes of limitation or applicable statutes of repose; or (3) for failure to state a claim.[6]

e.      **Four months after the date of consolidation,** counsel for the Wave Pool plaintiffs included on that list will either: (1) move to withdraw; (2) voluntarily dismiss their claims; or (3) provide in a filing made ***on the main MDL docket as well as their***

---

[5] For the avoidance of doubt, the terms of and conditions of Wave Four targeted discovery and motion practice set forth herein apply with equal force to Wave Pool plaintiffs, but using the timing set out in Paragraph 18(a) - (m).

[6] To the extent newly discovered evidence or information provides a basis for one of the above types of notices or motions after **three months after the date of consolidation**, New GM may file a notice identifying additional plaintiffs it believes are barred.  Counsel for the Wave Pool plaintiffs included on that list, within **fourteen (14) days of New GM's notice**, will either: (1) move to withdraw; (2) voluntarily dismiss their claims; or (3) provide in a filing made ***on the main MDL docket as well as their individual docket*** the factual bases as to why those plaintiffs believe dismissal is not appropriate.

*__individual docket__* the factual bases as to why those plaintiffs believe dismissal is not appropriate.

f.  **Four months after the date of consolidation,** targeted, case-specific fact discovery of Wave Pool plaintiffs shall commence.

g.  **Five months after the date of consolidation,** Lead Counsel and New GM will file a joint letter identifying the number of — and proposing next steps to address — any remaining disputed Wave Pool claims that were subject to one or more notices or motions, including next steps for plaintiffs who desire to amend their complaints.

h.  **Five months after the date of consolidation,** New GM shall produce the documents and information required by Paragraphs 8(a) and 8(c), above.

i.  **Five months after the date of consolidation,** Wave Pool fact discovery depositions as described in Paragraph 8(d) above may commence.

j.  **Nine months after the date of consolidation,** targeted, case-specific fact discovery of Wave Pool plaintiffs shall end.

k.  **Nine months after the date of consolidation**, Wave Pool plaintiffs shall disclose their expert witnesses and submit any written reports, including all reliance materials in compliance with Order No. 74 (Docket No. 1279), required under Fed. R. Civ. P. 26(a)(2)(B).

l.  **Ten months after the date of consolidation,** Wave Pool plaintiffs shall present their expert witnesses for deposition.  The Parties are ordered to use good faith efforts to coordinate depositions so that experts who have been retained by multiple Wave Pool plaintiffs are deposed utilizing the fewest calendar days possible.  In other words, expert depositions relating to multiple cases should be consolidated on the fewest calendar days possible.  Notwithstanding the foregoing, this Paragraph does not abrogate any provisions of Order No. 36 (Docket No. 604).

m.  **Ten months after the date of consolidation,** Lead Counsel and New GM will file a joint letter proposing next steps to address any remaining disputed Wave Pool plaintiffs.

SO ORDERED.

Dated: March 4, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge