UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to the Following Actions:*

*Bledsoe, et al. v. General Motors LLC*, No. 14-CV-7631
*Elliott, et al. v. General Motors LLC, et al.*, No. 14-CV-8382
*Sesay, et al. v. General Motors LLC, et al.*, No. 14-CV-6018
*Yagman v. General Motors Company, et al.*, No. 14-CV-9058

-----------------------------------------------------------------------------

14-MD-2543 (JMF)

14-MC-2543 (JMF)

**ORDER NO. 174**

JESSE M. FURMAN, United States District Judge:

**[Regarding Certain Economic Loss Actions Dismissed with Prejudice by the December 18, 2020 Final Order and Final Judgment]**

Actions for economic loss in MDL 2543 were subject to Order Nos. 29 and 50, which allowed a plaintiff to pursue economic loss claims independently of the master complaint only if no class were certified or if the plaintiff opts out of a certified class. (*See* ECF Nos. 477, 875, at 1-2.[1]) With the exception of the complaints in *Elliott, et al. v. General Motors LLC, et al.*, 14-CV-8382; *Sesay, et al. v. General Motors LLC, et al.*, 14-CV-6018; and *Bledsoe, et al. v. General Motors LLC, et al.*, 14-CV-7631 (which were reinstated pursuant to Order No. 29), all such economic loss actions in MDL 2543 were dismissed without prejudice and administratively closed by the Court.

Notably, on June 1, 2020, Order No. 171 administratively closed 97 economic loss actions that had previously been dismissed without prejudice by Order Nos. 29 and 50. (ECF No. 7974.) Order No. 171 allowed any party who believed that their case had been erroneously closed by the

---

[1] Unless otherwise noted, all docket references are to 14-MD-2543.

Order to file a letter motion by June 18, 2020 to re-open the case and explain why the case should remain open. Order No. 171 also allowed a plaintiff who elected to opt out of the Economic Loss Class Action Settlement to file a letter motion to reopen their case within 28 days of the date that the plaintiff opted out of the Class Settlement. The opt out period closed on October 19, 2020, and no plaintiff subject to Order No. 171 has sought to reopen their case.

On December 18, 2020, the Court issued its Final Order and Final Judgment approving the Economic Loss Class Action Settlement and confirming the certification of the settlement class. (ECF No. 8306.) The Final Order and Final Judgment dismissed with prejudice 108 economic loss actions in MDL 2543 that had previously been dismissed without prejudice and administratively closed. (*Id.* at 11, 23-27.) In addition, it dismissed with prejudice the *Elliott*, *Sesay*, and *Bledsoe* cases and ordered them closed as well. (*Id.* at 11, 13.)

None of the plaintiffs in the *Elliott*, *Sesay*, and *Bledsoe* cases opted out of the Economic Loss Class Action Settlement. In addition, counsel for those plaintiffs has informed the Court that all of their economic loss claims against New GM are released under the class settlement, with the sole exception of Lawrence and Celestine Elliott's claims under Counts I and X of the Second Amended Class Complaint in the *Bledsoe* case (Case No. 14-CV-7631, ECF No. 176). Counsel for New GM and the Elliotts have further informed the Court that they have reached an agreement in principle to settle the Elliotts' remaining claims. In addition, in the *Bledsoe* case, plaintiff Tina Farmer has settled her personal injury claims and dismissed them with prejudice (ECF No. 5910), and plaintiff Sharon Bledsoe is not pursuing and will voluntarily dismiss with prejudice her personal injury claims. Accordingly, all of the claims in the *Elliott*, *Sesay*, and *Bledsoe* cases have been resolved and are, or will shortly be, dismissed with prejudice.

Another of the actions that the Final Order and Final Judgment dismissed with prejudice was *Yagman v. General Motors Company, et al.*, No. 14-CV-9058.  On December 21, 2020, the plaintiff in that action, Stephen Yagman, filed a motion seeking remand of his case to the transferor court in the Central District of California.  (ECF No. 8308.)  Mr. Yagman's motion stated that he "did not agree to be a member of any class or settlement and that he opted-out of the settlement."  (ECF No. 8308 at 2.)  On December 23, 2020, in response to the Court's December 21, 2020 order (ECF No. 8308), New GM notified the Court that it did not consent to remand of Mr. Yagman's case.  (ECF No. 8310.)  The Court denied Mr. Yagman's motion without prejudice to renewal, subject to the procedures the Court adopts concerning further proceedings in MDL 2543.  (ECF No. 8311.)

IT IS ORDERED that by **Monday, January 25, 2021**, Stephen Yagman shall indicate in a filing made on the main MDL 2543 docket as well as in his individual docket the specific factual and legal bases as to why he believes the claims pled in his operative complaint are not released under the Settlement Agreement and dismissed with prejudice under the Final Order and Final Judgment.  The Court notes that Mr. Yagman's name does not appear on the list of opt-outs determined to be valid in the Final Order and Final Judgment (ECF No. 8306 at 6, 17-19), and thus Mr. Yagman's filing shall address whether and how he timely and validly opted out of the Class Settlement.  New GM shall file any response to Mr. Yagman's filing by **February 5, 2021**.  Mr. Yagman shall file any reply by **February 12, 2021.**

SO ORDERED.

Dated: January 8, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge